■ In the Matter of the Claim of GLEN W. ERWIN, Respondent, against MINNEAPOLIS HONEYWELL REGULATOR COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board discharging the Special Fund for Reopened Cases under section 25-a from liability. There is no dispute as to the rights of the claimant to compensation, the question being whether the employer-carrier is still responsible or has the burden of further payments shifted to the Special Fund for Reopened Cases under section 25-a of the act. Such section provided in part under subdivision 1 that "When an application for compensation is made by an employee * * * and the employer has secured the payment of compensation * * * (2) after a lapse of seven years from the date of the injury * * * and also a lapse of three years from the date of the last payment of compensation * * * testimony may be taken * * * and if an award is made it shall be against the special fund provided by this, section." The facts briefly are that claimant was injured on September 14, 1948; that the last payment of compensation was made on July 9, 1952 and the case was closed on August 18, 1954 " until there was a change in earnings or condition ". The claimant made an application to reopen on January 21, 1957 because of carrier's " refusing * * * medical and supplies ". It is conceded that the statute has been complied with as to the seven and three year periods but the dispute centers around a report of the attending physician, dated October 14, 1954, which the board in their decision of December 27, 1957 found " change in need for medical treatment and a new condition, periarthritis of the left knee ". This was found to constitute a reopening of the case within three years from the last payment of compensation, discharged the Special Fund and continued the liability as against the employer-carrier. We concur with the finding of the board that the carrier is responsible for the payment of medical expenses in the amount of $67.79 as such medical expense was incurred within the seven-year period but section 13 provides that such payment does not constitute a payment of compensation under section 25-a. We do not believe under the facts herein that the medical report of October 14, 1954 constitutes a basis for a reopening so as to relieve the Special Fund of liability. Subsequent to this date five reports were filed by the attending physician to and including October 24, 1956, all of which referred to the lower back condition and made no mention of the knee. The condition as to the knee had previously been reported by the attending physician under date of June 3, 1949, which was prior to the closing of the case and therefore could not be a change or new condition in the October report. We determine that the board

erred in treating the first report — October 14, 1954 — as an application to reopen as it did not indicate any change in condition or any new condition. When this report was filed in 1954 nothing was done by the board until the application of the claimant in January, 1957 to reopen because of refusal to pay medical expenses. This was subsequent to an application of the carrier, dated October 29, 1956, requesting the case be restored to the calendar, believing that it came under section 25-a. The board in arriving at its determination relied upon *Matter of Norton* v. *New York State Dept. of Public Works* (1 N Y 2d 844) where a change of physical condition was found. In the present claim the application to reopen was for a refusal to pay for medical supplies, not a change in physical condition, and there was no factual basis for finding such a condition. Decision and award reversed and matter remitted, with costs to the appellants against the Special Fund for Reopened Cases, section 25-a. Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ., concur.